Mr. Kit Williams Fayetteville City Attorney 115 West Mountain Fayetteville, Arkansas 72701
Dear Mr. Williams:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether certain items relevant to an employee's personnel file are subject to disclosure under the Arkansas Freedom of Information Act ("FOIA") codified at A.C.A. § 25-19-101 to -109, as amended by Act 1653 of 2001. You have relayed information indicating that the City of Fayetteville has already released two documents responsive to an FOIA request received from the media about the employee in question. You also indicate, however, that you have determined that several other documents that are responsive to the FOIA request are not subject to disclosure under the FOIA because they constitute "employee evaluation or job performance records" and the employee in question resigned and was not suspended or terminated. You have requested my opinion as to whether these documents are subject to disclosure under the Act.
RESPONSE
In my opinion the public nature of the documents in question depends upon certain factual considerations. You have not enclosed the documents for my review. You have described the documents and characterized most of them as "job performance" records. Additionally, you indicate that two other documents, while perhaps not qualifying as "employee evaluation or job performance records" merely restate information otherwise contained in employee evaluation or job performance records, and therefore, their release would be "tantamount to releasing the underlying job performance records." I cannot determine whether any of these documents have been properly classified without reference to the documents and the facts surrounding their creation. I can only set out the applicable tests for classifying the documents, and the tests for the disclosure of each kind of document.
It is possible, depending upon the facts, that some of the documents should be properly classified as "personnel records," rather than "employee evaluation or job performance records" for purposes of the FOIA. The classification of records is crucial because the standards for disclosing the different types of records differ. "Personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12). "Employee evaluation or job performance records" on the other hand, (including "preliminary notes and other materials"), are disclosable only if the following conditions have been met: (1) There has been a final administrative resolution of any suspension or termination proceeding; (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) There is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1).
"Personnel records" have been described as all records, other than employee evaluation/job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Ark. Op. Att'y Gen. Nos. 2000-130 and 99-147, citing J. Watkins, The Arkansas Freedom ofInformation Act (m m Press, 3rd ed. 1998) at 134.
"Employee evaluation or job performance records," on the other hand, have been described as records relating to an employee's performance or lack of performance on the job. See, e.g., Ark. Ops. Att'y Gen. Nos. 96-132; 91-324. Formal, written employee evaluations of course qualify. This office has also previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
It must be recognized, however, with regard to the employee evaluation/job performance records exemption, that records generated by third parties, and not at the behest of, or pursuant to the actions of, someone in a position to evaluate the employee, generally do not constitute job performance or evaluation records. I have previously opined, for instance, with regard to complaint documents, that the exemption under § 25-19-105(c)(1) will not apply if a document was not created in the evaluation or investigation process. See, e.g., Op. Att'y Gen. Nos. 2000-179; 99-339 and 99-283. As stated in Opinion 99-283:
 [The exemption under A.C.A. § 25-19-105(c)(1)] is limited to records created by or at the behest of the public employer. See, e.g., Op. Att'y Gen. 98-001 (documents received from third parties and not created by the employer as a part of an investigation are not `employee evaluation or job performance records,' but might be classified as `personnel records'); Op. Att'y Gen. 96-342 (records not made or given as part of the employing agency's inquiry or investigation are not `job performance records' and are generally subject to disclosure absent the presence of `intimate information' that might give rise to a privacy interest); and Op. Att'y Gen. 96-257 (same). See also Op. Att'y Gen. 99-026 (agreeing with my predecessor's conclusion that documents may be classified as `employee evaluation or job performance records' if they were created in the evaluation of the employee's performance).
See also, Ops. Att'y Gen. 2001-152; 2001-148; 2001-144; 2001-142; and 2001-123.
To summarize, documents not created in the evaluation process do not come within the rationale behind the § 25-19-105(c)(1) exemption. That exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See Watkins,The Arkansas Freedom of Information Act, supra at 141-142. Any such records that were not created in the evaluation of an employee may well constitute personnel records, to be reviewed under A.C.A. §25-19-105(b)(12), as discussed above. But they are not to be reviewed under § 25-19-105(c)(1).
The custodian should make a determination as to the proper classification of the records in question and then proceed to apply the appropriate test. For "personnel records," the test is described as follows:
 If . . . any of the documents in question are, in fact, "personnel records," the issue becomes whether their release would constitute a clearly unwarranted invasion of the personal privacy of the employees to whom the records pertain. The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992). If the public's interest outweighs the individual's interest, the personnel records must be disclosed. The court in Young stated:
 "The fact that section § 25-19-105(b)(12) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section § 25-19-105(b)(12) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section § 25-19-105(b)(12) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
Op. Att'y Gen. 2001-142, citing 308 Ark. at 598.
With regard to employee evaluation or job performance records, suspension or termination of the employee in question is a threshold requirement for disclosure of the documents. See e.g., Ops. Att'y Gen. 2001-106; 97-189; and 97-154. Resignation, at least a voluntary resignation, is not a "termination" for purposes of this requirement. See e.g., Ops. Att'y Gen. 98-188; 97-063; 92-266; 90-295 and 88-098. Properly classified employee evaluation or job performance records of an employee who has been neither suspended nor terminated are not subject to disclosure.
Finally, you describe two documents which you indicate may not qualify as "employee evaluation or job performance" records, but which refer to exempt job performance records and presumably to information contained therein. The documents were exchanged between the city and the employee's attorney in connection with the employee's voluntary separation from employment. Again, having not reviewed the documents in question, it is impossible for me to properly classify the documents for purposes of the FOIA. If these documents were created at the behest of, or pursuant to the actions of the supervisor in evaluating or documenting the employee's job performance, the records are exempt pursuant to A.C.A. §25-19-105(c)(1) under the facts you recite. See Op. Att'y Gen. 99-339. If not, the proper test is the A.C.A. § 25-19-105(b)(12) "clearly unwarranted invasion" balancing test, which must be applied to the particular information contained in the document. In that case, any exempt information should be redacted from the documents prior to their release, consistent with A.C.A. § 25-19-105(f)(2) (as amended by Act 1653 of 2001).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh